# IN THE DISTRICT COURT OF MARYLAND FOR THE NORHTERN DISTRICT

| | |
|---|---|
| **ISAAC STABELL** : | |
| : | Civil No. _____ |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| **NR PAINTBALL, LLC;** : | **JURY TRIAL DEMANDED** |
| **DEBORAH ADKINS; and** : | |
| **CHARLES ADKINS, JR.** : | |
| : | |
| *Defendants*. : | |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Isaac Stabell, in support of his cause of action against the Defendants, NR Paintball, LLC, Deborah Adkins, and Charles Adkins, Jr.:

## INTRODUCTION

1. This action is brought pursuant to 28 U.S.C. § 1332; and 28 U.S.C. § 1367.

2. All of the wrongful and tortious acts alleged below were committed by the Defendants and on the Defendants property in Severn, Maryland, on or about April 7, 2024.

## PARTIES

3. At all times material hereto, Plaintiff Isaac Stabell (hereinafter referred to as "Plaintiff") was a citizen and resident of the State of Delaware who may be contacted, for purposes of this litigation through his attorneys, Andrea M. Brzoska

and Joseph D. Stanley of the law firm Schwartz & Schwartz, 1140 South State Street Dover, DE 19901.

4. Defendant NR Paintball, LLC is a Maryland limited liability company NR Paintball, LLC, upon information and belief, is a Maryland limited liability company whose registered agent is Jonathan Adkins located at 1918 Huguenot Place, Severn, MD 21144 (hereinafter "Defendant NR").

5. Defendant, Deborah Adkins is a resident of the State of Maryland, residing at 922 Wieker Road, Severn, MD 21144.

6. Defendant, Charles Adkins, Jr. is a resident of the State of Maryland, residing at 922 Wieker Road, Severn, MD 21144.

## JURISDICTION AND VENUE

7. Jurisdiction is based on diversity of citizenship. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) and the Plaintiff is domiciled in Delaware whereas all of the Defendants are domiciled in Maryland.

8. This action arises under state tort laws. This Court has supplemental jurisdiction over Plaintiff's state law claims arising under 28 U.S.C § 1367.

9. The claims made in this Complaint occurred and arose in the State of Maryland, in this District. Defendants live in and/or do business in this district and the events that give rise to this claim occurred in this district. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1331. Venue for

the State claims is proper under 28 U.S.C. §1367.

10. Plaintiff is seeking damages under federal and state law pursuant to the claims for relief specified below.

## FACTUAL ALLEGATIONS

11. The parties are involved in a premises liability incident that occurred on April 7, 2024, at a facility operated by NR Paintball, LLC located at 922 Wieker Road, Severn, MD 21144 (the "Premises"). The property owners of record are Defendant Deborah Adkins and Defendant Charles Adkins, Jr.

12. The facts of the accident are as follows:

    a. On April 7, 2024, Plaintiff was present on the Premises to compete in and spectate at a paintball tournament hosted by Defendant NR at the Premises.

    b. At the time of the incident, Plaintiff was a spectator not a participant in the tournament.

    c. Plaintiff was standing on the spectating side of the protective netting, when a paintball flew through a hole in the negligently cared for netting directly into his left eye.

    d. The paintball exploded upon impact on Plaintiff's eye.

    e. An ambulance was called.

    f. The ambulance took Plaintiff to John's Hopkins Hospital in

Baltimore, Maryland.

  g. Plaintiff's injury was diagnosed as angle recession glaucoma, requiring two surgeries and other medical care.

  h. Plaintiff has incurred medical expenses from ongoing treatment, as well as suffering emotional distress.

13. Defendants Charles and Deborah Adkins were negligent as follows:

  a. At all times relevant hereto, Defendants Charles and Deborah Adkins had dominion and control of the Premises. As such, Defendants Charles and Deborah Adkins are liable for the care and maintenance of the Premises.

  b. Defendants had and have a duty to business invitees to see that the parts of the premises ordinarily used by customers are kept in a reasonably safe condition.

  c. With this duty, Defendants are responsible for injuries that are caused by defects or conditions that the Defendants had actual notice of or that could have been discovered by reasonably prudent inspection.

  d. Here, Defendants breached that duty by failing to properly maintain the netting, allowing it to deteriorate to a state of disrepair, with multiple holes present due to their negligent upkeep, especially in an area where spectators frequent during gameplay.

  e. The dilapidated state of the netting was the actual and proximate

cause of the paintball passing through the netting and causing Plaintiff's injuries.

  f. Defendants failed to warn Plaintiff of the said dangerous condition.

14. Defendant NR was negligent as follows:

  a. Upon information and belief, Defendant NR was operating a business on the property owned by Defendants Charles and Deborah Adkins.

  b. Defendant NR had a duty to business invitees to maintain the Premises in a safe manner.

  c. Defendant NR had a duty to business invitees to properly care for the netting on the Premises.

  d. Defendant NR either created the dangerous condition, knew of the dangerous condition, or should have known of the dangerous condition.

  e. Defendant NR did not remedy the dangerous condition.

  f. Defendant NR did not warn invitees of the dangerous condition.

  g. Defendant NR did not take any steps towards preventing the dangerous condition from causing an injury.

  h. But for this creation of a dangerous condition and/or failure to act, Plaintiff's injury would not have occurred.

  i. Plaintiff's eye injuries are foreseeable outcomes of the dangerous condition.

j. Plaintiff has now suffered harm because of his injuries.

15. Defendants were further negligent in that their actions, individually and collectively, did constitute a deviation from the standard of a reasonably prudent business under like circumstances.

16. As a result of Defendants' negligence, Plaintiff now experiences, and will continue to experience conscious pain and suffering, loss of enjoyment, permanent injury, bodily impairment, medical expenses, disfigurement, and physical injury.

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff and against Defendants jointly and severally in an amount to exceed $75,000 in compensatory damages, plus costs and interest.

**SCHWARTZ & SCHWARTZ**
/s/ *Andrea M. Brzoska*
**ANDREA M. BRZOSKA**
CPF# 2305250010
1140 South State Street
Dover, DE  19901
andy.brzoska@schwartzandschwartz.com
*Lead Counsel for Plaintiff*

**SCHWARTZ & SCHWARTZ**
/s/ *Joseph D. Stanley*
**JOSEPH D. STANLEY**
CPF# 1606210249
1140 South State Street
Dover, DE  19901
joe.stanley@schwartzandschwartz.com
*Co-Counsel for Plaintiff*

Date:  April 29, 2025